ON MOTION FOR CLARIFICATION
[Original Opinion at 16 F.L.W. D1071, 1991 WL 61787]
Appellant’s motion for clarification, filed April 30, 1991, is granted and the following opinion is substituted therefor:
PER CURIAM.
This is an appeal from an order of the Public Employee Relations Commission (Commission) reinstating an order setting back pay in which the Commission concluded that appellee, the Department of Natural Resources (Department), unequivocally offered to “reinstate” appellant, Warren G. McLaughlin, on September 1, 1988, to a position substantially similar to the job he held before DNR wrongfully involuntarily retired him on March 1, 1987. McLaughlin contends that the order is not based upon competent substantial evidence and that he is entitled to back pay and lost retirement benefits. We agree and reverse and remand.
This court previously directed “reinstatement” in McLaughlin v. D.N.R., 526 So.2d 934 (Fla. 1st DCA 1988), and the Commission, in compliance with this court’s mandate, ordered the Department to reinstate McLaughlin and to provide him back pay with interest but without compensation he would not have earned had he not been forced to retire. The Department did not seek rehearing from either disposition. It admits that it has only offered McLaughlin “reemployment”. The Department’s offer of “reemployment” is not identical to an unqualified or unequivocal offer of “reinstatement” as required by this court’s previous mandate in McLaughlin I.
Therefore, we find that the Commission order reinstating its order setting back pay is not supported by competent substantial evidence. Accordingly, we reverse the Commission’s conclusion of law that the Department unequivocally offered McLaughlin reinstatement effective September 1, 1988, and we therefore remand this case to the Commission. On remand, we direct the Commission to order the Department to “reinstate” him, not to “reem *970 ploy” him, in accord with other terms of employment designated in the Department’s letter of May 25, 1989. We further direct the Commission to order the Department to reset back pay with statutory interest from the date of McLaughlin’s wrongful retirement on March 1, 1987, through the date of his announced retirement. Finally, we direct the Commission to conduct a factual determination of the present value of McLaughlin’s lost retirement benefits by reason of being wrongfully involuntarily retired. The Commission shall receive evidence supporting or rebutting implied assumptions utilized to create an actuarial study and shall direct the Department to pay, in lump sum, those retirement benefits determined by the Commission to have been lost by McLaughlin during the aforementioned period of wrongful termination.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ZEHMER, MINER and ALLEN, JJ., concur.